IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
JUL 25 2013
CLF... ... ...
... ...DRIA, VIRG...
T

SHIEKH FAROOQ, et al.,          )
                                )
          Plaintiffs,           )
                                )
     v.                         )      1:13cv711 (LMB/IDD)
                                )
AMERIGAS PROPANE, INC., et al., )
                                )
          Defendants.           )

MEMORANDUM OPINION

     Before the Court are defendant AmeriGas Propane, Inc.

("AmeriGas"), and United Gas Improvement's ("UGI") Motions to

Dismiss [Dkt. Nos. 4, 6],[1] which included notices for pro se

plaintiffs as required by Local Civil Rule 7(K) and Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. Nos. 4-1, 6-1].

---

[1] Plaintiffs also named Amerigas Virginia Branch as a defendant;
however, that entity has not been served because the defendant
could not be found and is believed to be a branch office of
defendant AmeriGas. See Notice of Removal [Dkt. No. 1] ¶¶ 3, 8.
Additionally, although there are no Doe parties explicitly
listed as defendants, see Compl. at 1, plaintiffs make
allegations concerning "Does 1 through 100," see, e.g., id.
¶¶ 9-10, 43, and have included "Does 1 to 100, inclusive" as
defendants in the caption of their Opposition [Dkt. No. 13]. It
is therefore unclear whether plaintiffs intended to bring claims
against these Doe defendants. Should plaintiffs seek to add Doe
defendants in an amended complaint, they are cautioned that
although "courts have allowed actions to proceed against real,
but unidentified defendants," a court may dismiss the claims
without prejudice "if it does not appear that the true identity
of an unnamed party can be discovered through discovery or
through intervention by the court" due to "the danger of
permitting suits with unnamed parties to remain on the docket
unprosecuted." Schiff v. Kennedy, 691 F.2d 196, 197-98 (4th
Cir. 1982).

Plaintiffs have opposed the motions [Dkt. No. 13], and defendants have filed a Reply [Dkt. No. 14]. The issues having been fully briefed, the motions are now ripe for decision. For the reasons that follow, defendants' motions will be granted and plaintiffs' claims will be dismissed.

## I.  BACKGROUND

This civil action, which was originally filed in Prince William County Circuit Court and later removed to this Court, arises out of billing disputes between the parties concerning defendant AmeriGas's delivery of gas to plaintiffs' residence. Although the factual allegations in the Complaint are somewhat difficult to decipher, they appear to state that plaintiffs inherited through their lease an implied contract with AmeriGas to supply gas to their residence, a single family dwelling. Compl. ¶ 12. According to the Complaint, AmeriGas began "manipulating the account" in February 2009 by setting a "fixed price for a fixed period of time" and "moving the smart budget plan to Pre buy lock in propane price in advance." Id. ¶ 19. In November 2012, after AmeriGas had not sent bills for some time, it billed the plaintiffs $729.00, and soon thereafter billed them $3,302.28. Id. ¶ 20. Plaintiffs allege that they paid the $729.00 in advance by credit card, and that they sent an additional but unspecified sum of money to avoid the termination of their gas service; however, in February 2013,

2

"gas was denied because of non payment of the bill." Id. ¶¶ 20-
21.

Plaintiffs allege that they were "charged double for
express delivery meter service fee service dispatch charge and
special trip charge," a practice consistent with AmeriGas's
custom of "purposely miss[ing] days of delivery to charge more
since they make more profit when the tank is below 20% of gas."
Id. ¶¶ 21-22. Plaintiffs also allege that AmeriGas delivered
less gas than the amount for which it billed, and that on May 8,
2013, AmeriGas came to plaintiffs' home without notice to turn
off their gas service. Id. ¶¶ 23, 25. Plaintiffs claim that
"they made all undisputed payments" and that they were several
times "forced to pay different bills without any accounting or
contract." Id. ¶¶ 26, 29 (emphasis in original).

For these actions, plaintiffs seek declaratory relief and
assert claims for negligence, unjust enrichment, fraud and
deceit, fraud by trick and device, and violations of the Federal
Debt Collection Practices Act ("FDCPA") against AmeriGas.[2] See

---

[2] Plaintiffs' state court Complaint apparently included a claim
for breach of contract; however, that page of the Complaint was
not served on the defendants. Plaintiffs argue that it is not
their "duty to review[] the accuracy of the assembling of the
paperwork at the clerk's office." Pl.'s Opp'n at 6. To the
contrary, it is a plaintiff's obligation to properly effect
service of their Complaint on the defendants. See Fed. R. Civ.
P. 4(c)(1). Moreover, it is a plaintiff's responsibility to
"furnish the clerk when the complaint is filed with as many
paper copies thereof as there are defendants upon whom it is to

3

Compl. ¶¶ 31-85. Plaintiffs also seek declaratory relief and assert their claims for fraud and violations of the FDCPA against UGI. See id. ¶¶ 41, 43, 50, 80, 84-85. Although plaintiffs provide no support for the amount, they seek $100,000.00 in damages and other declaratory and equitable relief. See Compl. at 12.

## II. DISCUSSION

### A. **Standard of Review**

A complaint survives a Fed. R. Civ. P. 12(b)(6) motion to dismiss only if the alleged facts "state a plausible claim for relief" and "are sufficient to raise a right to relief above the speculative level." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although "[a] pro se complaint should be liberally construed; . . . a court is not required to accept as true a legal conclusion couched as a factual allegation, or a legal conclusion unsupported by factual allegations," and "[d]ismissal may be appropriate when a complaint contains a detailed description of underlying facts that fails to state a viable claim." Falkiner v. OneWest Bank, FSB, 780 F. Supp. 2d 460, 463 (E.D. Va. 2011)

---

be served." Va. Sup. Ct. Rule 3:4(a). Any such breach of contract claim is therefore not properly before this Court.

4

(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citations and internal quotation marks omitted).

## B. Claims Against UGI

Defendant UGI argues that although plaintiffs are pursuing declaratory relief against it and have brought against it claims of fraud and violations of the FDCPA, they have failed to allege any facts connecting UGI to any of the issues in the Complaint. In fact, even the claims against UGI are not asserted against it specifically, but are alleged against "defendants" generally. See Compl. ¶¶ 41, 43, 50, 80, 84-85. Plaintiffs' Opposition does not respond to this argument. Because nothing plaintiffs have alleged supports any claims against UGI, UGI's Motion to Dismiss [Dkt. No. 6] will be granted and the claims against it will be dismissed with prejudice.

## C. Federal Debt Collection Practices Act ("FDCPA")

Plaintiffs claim that defendant AmeriGas has violated the FDCPA,[3] specifically 15 U.S.C. § 1692g, which requires "debt collector[s]" to provide a written notice of the debt, including specific information, and if the consumer disputes the debt in writing to "cease collection of the debt, or any disputed

---

[3] Plaintiffs attached several exhibits, including a collection letter from non-party Assigned Credit Solution, to their Opposition. Because this letter is neither integral to nor attached to the Complaint, it will not be considered by the Court. See Secretary of State for Defence v. Trimble Nav. Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

portion thereof, until the debt collector obtains verification of the debt . . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." Id. § 1692g(a)-(b). Under the FDCPA, a "debt collector" is:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

The Complaint does not adequately allege a violation of 15 U.S.C. § 15692g. AmeriGas's principal business is providing gas services, not collecting the debts of another entity. This Complaint arises out of its efforts to collect sums it believed it was owed and not the debt of another entity. Moreover, plaintiffs have not alleged that AmeriGas used any name other than its own in attempting to collect this debt; to the contrary, the documents attached to plaintiffs' Opposition appear to establish that AmeriGas was acting in its own name. See Opp'n to Mot. to Dismiss Under Rule 12(b)(6) by Def. AmeriGas Popane [sic] Inc; Filed by Plaintiffs ("Pls.' Opp'n) [Dkt. No. 13], Ex. 3. For these reasons, plaintiffs' FDCPA claim against AmeriGas will be dismissed with prejudice.

## D. State Law Claims

Plaintiffs also have not adequately pleaded their remaining state law claims; however, because of plaintiffs' pro se status, some of these claims will be dismissed without prejudice.

### 1. Negligence

A negligence claim must allege the breach of "a common law duty, not one existing between the parties solely by virtue of the contract." Augusta Mut. Ins. Co. v. Mason, 645 S.E.2d 290, 293 (Va. 2007). According to the Complaint, the duties that defendants breached were duties related to the exercise of reasonable care and skill in the maintenance of payment records. Compl. ¶ 32. This duty to maintain payment records would not exist absent a contractual relationship between the parties and accordingly sounds solely in contract. As such, any amendments would be futile and the claim will be dismissed with prejudice. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013) (noting that leave to amend should be denied only in limited circumstances, including when the amendment would be futile) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

### 2. Unjust Enrichment

Plaintiffs have not stated a claim for either unjust enrichment or rescission because they have not alleged that the defendants failed to provide them with the gas services for

which they had paid. In fact, their factual allegations establish that AmeriGas at least partially performed by providing plaintiffs with gas service. See Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 136 (Va. 2009) ("The trial court correctly granted [defendant]'s motion to strike the [plaintiffs'] rescission claim specifically because there had been part performance of the continuing care services contract such that a rescission right no longer exists and therefore a count for rescission does not stand." (internal quotation marks omitted)). Accordingly, plaintiffs' claim for rescission will be dismissed with prejudice.

Plaintiffs' claim for unjust enrichment, however, will be dismissed without prejudice. Although the allegations in the current Complaint do not state a plausible claim for relief, amendment may not be futile, especially if a claim for unjust enrichment is pleaded in the alternative to any breach of contract claim plaintiffs may wish to add.

### 3. Fraud

The factual allegations supporting plaintiffs' claims for fraud are not sufficiently clear and cogent to state a plausible claim, particularly in light of the heightened pleading requirements of Fed. R. Civ. P. 9(b). Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," when a party alleges "fraud or mistake,"

he or she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As defendants point out, the Complaint "is unclear and confusing as to who said what and when, and to whom; who relied on those statements; whose reliance is actually relevant to this lawsuit and to the claims made; and what actions were taken by the relying party as a result of that misrepresentation." Mem. in Supp. of Def. Amerigas Propane, Inc.'s Mot. to Dismiss [Dkt. No. 5], at 11. The allegations in the Complaint as it currently stands, therefore, are insufficient to meet the pleading standard; however, this claim will be dismissed without prejudice to allow plaintiffs an opportunity to amend.

### 4. Declaratory Relief

Finally, plaintiffs' seek declaratory relief in the form of "a resolution of the issue of contractual duties and obligations due between the parties and their agents and assigns." Compl. ¶ 80. Such a generic issue is not sufficiently concrete and definite to state a claim for declaratory judgment; however, plaintiffs may pursue a common law claim for breach of contract in an amended complaint.

### E. Leave to Refile

For these reasons, all of the plaintiffs' state law claims against AmeriGas will be dismissed with prejudice except for the fraud claim and the unjust enrichment claim. Moreover, the

9

plaintiffs' request for leave to amend will be granted.  See
Pl.'s Opp'n at 8.  If the plaintiffs' amended complaint
continues to claim a violation of the FDCPA,[4] it will raise a
federal question and should be refiled in this Court using this
civil action number.

If the FDCPA claim is dropped, there would be no basis for
federal question jurisdiction pursuant to 28 U.S.C. § 1331, and
the only basis for this litigation remaining in federal court
would be diversity jurisdiction under 28 U.S.C. § 1332.[5]
Although the parties have diverse citizenship, the facts alleged
do not establish a plausible claim for damages exceeding
$75,000.00 because there is no basis for a rescission claim and
plaintiffs' allegations concern disputed amounts of $729.00,
$3,302.28, potentially an additional $1,000.00, and an
unspecified amount in fees.[6]  See Compl. ¶¶ 20, 21, 23.  The

---

[4] Plaintiffs' FDCPA claim against defendant AmeriGas is being
dismissed with prejudice and therefore cannot be included in an
amended complaint; however, plaintiffs' Opposition indicates
that they wish to add Assigned Credit Solutions, a collection
agent for AmeriGas, as a defendant.  See Pls.' Opp'n at 8.

[5] Although this Court could retain supplemental jurisdiction
after the federal claim has been dismissed, it would decline to
do so under 28 U.S.C. § 1367(c)(3).

[6] Among the damages sought are attorneys' fees pursuant to the
FDCPA.  See Compl. ¶ 985 [sic]; 15 U.S.C. § 1692k(a)(3).
Because pro se litigants are not represented by attorneys, they
cannot recover attorneys' fees.  See Goodmann v. People's Bank,
209 F. App'x 111, 114 (3d Cir. 2006); cf. Kay v. Ehrler, 499
U.S. 432, 435 (1991).

documents that plaintiffs attached to their Opposition similarly indicate that the disputed debt is for an amount less than $4,000.00, and which is certainly well below $75,000.00. See Pls.' Opp'n, Exs. 1, 3. Accordingly, if plaintiffs do not seek to pursue their claims alleging violations of the FDCPA, they should file any further complaint in state court.

### III. CONCLUSION

For the reasons stated above, defendants' motions to dismiss and plaintiffs' request for leave to amend their Complaint will be granted, and all of plaintiffs' claims will be dismissed with prejudice except their claims against AmeriGas for unjust enrichment and fraud, which will be dismissed without prejudice, by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 25th day of July, 2013.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

11